FRANZKE, APPELLANT, *v.* WRIGHT ET AL., RESPONDENTS.

(No. 5,530.)

(Submitted May 22, 1924. Decided May 28, 1924.)

[226 Pac. 524.]

*County High School Bonds—Validity—Statutes—General and Special Statutes.*

Statutes—When Special Controls General Statute.
    1. To the extent that a general and a special statute on the same subjects are repugnant, the special controls the general one, and where the special statute was enacted after the general Act it will be regarded as an exception to or a qualification of the prior general enactment.

County High School Bonds — Special Statute Authorizing Issuance — Validity.
    2. Chapter 21, Laws of 1923, amendatory of section 4614, Revised Codes of 1921, approved February 20, 1923, prohibits county commissioners from issuing bonds in excess of a certain amount. Chapter 129 of the same Laws, approved March 8, 1923, confers upon the board of county commissioners power to issue bonds to take up warrants uttered by the board of trustees of a county high school where its funds are tied up in an insolvent bank, if a levy and tax to pay outstanding warrants "will exceed the limit of the taxes permitted

by law to be levied." *Held,* under the above rule, that Chapter 129 being a special statute and Chapter 21 a general one, the former is controlling.

*Appeal from District Court, Fergus County; Rudolf Von Tobel, Judge.*

INJUNCTION by A. A. Franzke against George F. Wright and others, as County Commissioners of Fergus County. From a judgment for defendants, plaintiff appeals. Affirmed.

*Mr. H. Leonard DeKalb* and *Mr. Merle C. Groene,* for Appellant, submitted a brief; *Mr. DeKalb* argued the cause orally.

*Mr. Edgar J. Baker,* County Attorney of Fergus County, for Respondents, submitted an original and a supplemental brief; *Mr. Edward R. Baird,* Assistant County Attorney, argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

The plaintiff, a taxpaying freeholder of Fergus county, brought this action to restrain the county commissioners of that county from issuing and selling certain serial bonds, denominated "Funding Bonds of Fergus County High School" in the amount of $64,000. To the complaint the defendants interposed a general demurrer which being sustained plaintiff suffered judgment to go against him and appealed therefrom to this court.

The county commissioners have undertaken to issue and sell [1, 2] the bonds under the provisions of Chapter 129 of the 1923 Session Laws. Section 1 of that Act confers upon the board of trustees of a county high school, whenever it shall have all or part of its funds deposited in a bank which has become insolvent, power to issue warrants, to an amount not to exceed 100 per cent of the funds deposited, for teachers' salaries, school supplies   *   *   *   and other necessary expenses incurred

in the maintenance of the school. In case the funds so deposited are not recovered in sufficient amount to pay off and discharge the warrants, and a levy and tax to pay the warrants will be burdensome to the county or "will exceed the limit of the taxes permitted by law to be levied" the board of county commissioners is authorized to issue negotiable coupon bonds to take up the warrants, and to pledge the credit and resources of the county for the payment of the bonds.

It appears from the complaint that between the first day of July, 1922, and the twenty-eighth day of February, 1924, the Fergus county high school had on deposit in certain banks in Fergus county which had become insolvent an amount in excess of $65,389.82, and between those dates the board of trustees had issued warrants in that amount for necessary expenses incurred in the maintenance of the school. All necessary predicate steps having been taken the defendants as the county commissioners of Fergus county, by resolution duly made and entered declared that the said existing indebtedness of the high school to an amount not exceeding $64,000 should be funded by the issuance of bonds.

The plaintiff does not question the regularity of the proceedings leading up to the determination of the commissioners to issue and sell the bonds nor the necessity therefor, but he does challenge the right of the board to do so. He relies upon the provisions of section 4614, Revised Codes of 1921, as amended by Chapter 21 of the Laws of 1923, approved February 20, 1923, which prohibits the county commissioners from issuing any bonds which with the outstanding bonded indebtedness in the aggregate shall exceed "five per centum of the per centum of the assessed value of the property upon which taxes are levied and paid within such county, to be ascertained by the last assessment for state and county taxes." The validity of Chapter 21 was upheld in *Heckman* v. *Custer County, ante,* p. 84, 223 Pac. 916.

The plaintiff avers that Fergus county already has exceeded the bonded indebtedness permitted by section 4614 as amended, and he contends therefore that the proposed bonds, if issued, would be illegal and void. But are the provisions of section 4614 as amended controlling in this case? We think they are not. The legislative assembly which enacted Chapter 21, *supra*, also enacted Chapter 129, which was approved March 8, 1923. Chapter 129 is not only a later enactment than Chapter 21, but is a special statute while the former is a general one. We think it clear that Chapter 129 was intended by the legislature as an exception to the general Act. And such being the case, the question presented is easy of solution. In *Regan* v. *Boyd,* 59 Mont. 453, 197 Pac. 832, this court declared the rule of statutory construction in force in this state and generally elsewhere to be that ''Where there is one statute dealing with a subject in general and comprehensive terms and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible; but to the extent of any necessary repugnancy between them, the special will prevail over the general statute,'' citing *Stadler* v. *City of Helena,* 46 Mont. 128, 127 Pac. 454. The court also observed that ''Where the special statute is later, it will be regarded as an exception to or qualification of the prior general one,'' citing many cases. The foregoing quotations are directly applicable here. Therefore we have no hesitancy in declaring that the provisions of Chapter 129, and not those of section 4614, as amended, control this case.

The judgment is affirmed.

*Affirmed.*


ASSOCIATE JUSTICES COOPER, HOLLOWAY, GALEN and STARK concur.